# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**ALLSTAR PROPERTIES, LLC,**

    Plaintiff,

v.                                                                            2:24-cv-116-JLB-NPM

**FRONTLINE INSURANCE UNLIMITED**, *et ano*,

    Defendants.

---

## ORDER

    In this insurance-coverage case arising from Hurricane Ian, defendant Frontline Insurance moved to preclude plaintiff Allstar's use of an expert witness, arguing that Allstar had failed to properly disclose the expert and provide deposition dates. But this case is currently travelling under our Hurricane Scheduling Order, which contemplates that the parties will mediate before deposing their experts. In fact, no trial term has been set, the parties have until October 17[1] to complete mediation, and—if they do not resolve their dispute at mediation—they will be afforded additional time to complete discovery and file any dispositive or *Daubert* motions before proceeding to trial.

    So, during a May 19 hearing, we construed Frontline's motion as a motion to compel the service of a proper Rule 26(a)(2) disclosure, and we ordered the parties

---

[1] All dates mentioned in this order are in 2025.

to exchange such disclosures by June 18. We also directed the parties to confer in an attempt to resolve Frontline's request for an expense-of-motion award. They subsequently notified us that they were unable to resolve that issue (Doc. 52), hence, this order.

Construed as set forth above, Frontline's motion to compel (Doc. 36) is **GRANTED**. Pursuant to Civil Rule 37, we award Frontline **$1,100** as an expense-of-motion award. In similar insurance-coverage cases involving the same defense counsel, we have recently and repeatedly found their rates (currently $275 per hour) to be reasonable. And given the unique posture of this case as travelling under an order meant to facilitate an expedited resolution before adopting a trial schedule, we find that four hours is a reasonable amount of time for preparing the motion papers, appearing for (but not traveling to) the motion hearing, and for attempting to resolve the issue (the failure to timely disclose) without court intervention.[2] By **August 7**, Allstar must file a notice of compliance certifying payment of the expense-of-motion award.

**ORDERED** on July 24, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] On June 2, Frontline filed timesheets in support of its request for an award of $16,197.50. (Doc. 51). Allstar did not file anything in response.