UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLSTAR PROPERTIES, LLC,

      Plaintiff,

v.

FRONTLINE INSURANCE
UNLIMITED, FIRST PROTECTIVE
INSURANCE COMPANY,

      Defendants.
_____/

Case No. 2:24-cv-116-KCD-NPM

# **ORDER**

This is an insurance dispute stemming from Hurricane Ian. Plaintiff Allstar Properties, LLC sues its insurance carriers (both wind and flood) for unpaid claims. (Doc. 50.)[1] The complaint seeks relief for breach of contract under Florida law. (*Id.*)

Now before the Court is Defendant First Protective Insurance Company's motion for summary judgment. (Doc. 59.) According to First Protective, Plaintiff's claim under its flood policy is barred because "the undisputed record evidence establishes that [Plaintiff] failed to submit [a] signed and sworn" proof of loss within the statutory deadline. (*Id.* at 1.) Alternatively, First Protective argues that Plaintiff's state-law claim for breach of contract is "preempted and barred by federal law." (*Id.* at 2.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

While the parties may disagree about the legal consequences of the underlying facts, what occurred here is not in dispute. First Protective is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP"). It issued Plaintiff a flood policy with $500,000 of coverage for each building on the property. Following Hurricane Ian, Plaintiff reported flood damage. First Protective acknowledged the claim and assigned an independent adjuster.

After an investigation, the adjuster prepared estimates for each building on the property. The estimates were later revised to account for wind damage. (Docs. 63-10, 63-15.) Plaintiff disputed the loss figures and was directed to send a contractor's estimate so the adjuster could open a supplemental claim. (Doc. 64 at 3.) Some back-and-forth followed, but with no resolution of the disputed damages. Plaintiff then retained an engineer and sent his report to the adjuster. (*Id.* at 6.) Again, no resolution resulted. First Protective eventually denied both claims for any damage beyond its coverage determination, and this lawsuit followed.

Pertinent here, Plaintiff never submitted a sworn proof of loss for either building. Plaintiff faults First Protective for this deficiency, claiming a proof of loss was never requested. (*Id.* at 7.) According to Plaintiff, it "did

exactly as . . . instructed" and "detrimentally relied upon the flood carrier's explicit instructions for how to resolve the claim." (*Id.*)

## II. Legal Standard

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When deciding a motion for summary judgment, a judge is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-41-KCD, 2023 WL 8978168, at *1 (M.D. Fla. Dec. 28, 2023). "An issue is genuine if a reasonable jury could return a verdict for the nonmoving party." *Do v. Geico Gen. Ins. Co.*, No. 1:17-CV-23041-JLK, 2019 WL 331295, at *2 (S.D. Fla. Jan. 25, 2019). "And a fact is material if it may affect the outcome of the case under the applicable substantive law." *Toca v. Debonair Props. LLC*, No. 2:23-CV-303-KCD, 2025 WL 2106674 (M.D. Fla. July 28, 2025).

"The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial." *Andrews v. Ciccone*, No. 3:23-CV-88-MMH-SJH, 2025 WL 2508878, at *2 (M.D. Fla. Sept. 2, 2025). "When a moving party has discharged its burden, the non-moving

3

party must then go beyond the pleadings" and point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). "A mere scintilla of evidence" is not enough. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). "[T]here must be enough of a showing that the jury could reasonably find for [the non-movant]." *Id.* In reviewing the evidence, the court draws all legitimate inferences in the opposing party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020).

### III. Discussion

In the event of a flood loss, an insured covered by an NFIP policy must satisfy certain requirements to be compensated. One such requirement is filing a written proof of loss. *See Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003). "Under Eleventh Circuit precedent, failure to satisfy the proof-of-loss requirement bars an insured from bringing suit under the [NFIP] unless the insured obtains a written waiver of the requirement[.]" *Clement v. Wright Nat'l Flood Ins. Co.*, 587 F. Supp. 3d 1129, 1132 (N.D. Ala. 2022).

Plaintiff does not assert that it filed a proof of loss. Instead, Plaintiff argues that First Protective waived the proof-of-loss requirement or should be estopped from asserting this defense. (*See* Doc. 64 at 8.) Existing precedent forecloses both arguments.

4

As for estoppel, Plaintiff notes that the adjuster never requested a proof of loss. Instead, he accepted Plaintiff's estimates and issued payment. Thus, in Plaintiff's view, it "relied upon the carrier's instructions" and "provided the required documentation." (*Id.* at 8.) The Eleventh Circuit has rejected similar arguments. *See Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007); *Sanz*, 328 F.3d at 1318. For equitable estoppel to apply here, there must be evidence that the insurer committed "affirmative and egregious misconduct." *Shuford*, 508 F.3d at 1343. Plaintiff's facts do not meet this bar, even accepting the adjuster supplied incorrect information and Plaintiff relied on it. *See Sanz*, 328 F.3d at 1319-20 (refusing equitable estoppel defense where the insurer erroneously informed a policyholder that he had completed all of the necessary paperwork and his claim would be taken care of).

Plaintiff's waiver argument likewise falls flat. Although a flood insurer can waive the proof-of-loss requirement, "to be effective, the waiver must be made by the Federal Insurance Administrator in writing." *Slater v. Hartford Ins. Co. of Midwest*, 26 F. Supp. 3d 1239, 1249 (M.D. Fla. 2014). Plaintiff does not allege that anyone, let alone FEMA, expressly waived the proof-of-loss requirement here. *See, e.g., Greer v. Owners Ins. Co.*, 434 F. Supp. 2d 1267, 1278 (N.D. Fla. 2006).

Plaintiff's failure to comply with the proof-of-loss requirement in its NFIP flood policy bars this action for recovery under that policy. *See Sanz*, 328 F.3d at 1318. Since there is no genuine issue remaining for trial, First Protective's motion for summary judgment (Doc. 59) is **GRANTED**. The Clerk **DIRECTED** to terminate First Protective as a party. There are additional claims pending against another defendant, so the case shall otherwise remain open.

**ORDERED** in Fort Myers, Florida on October 14, 2025.

Kyle C. Dudek
United States District Judge